United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51116
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE PAZ MATA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-162-2
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:*

Jose Paz Mata pleaded guilty without a plea agreement to
conspiracy to distribute and possess with intent to distribute at
least 100 kilograms of marijuana, in violation of 21 U.S.C.
§§ 846, 841(a), 841(b)(1)(B)(vii), and conspiracy to commit money
laundering, in violation of 18 U.S.C. § 1956(h).  The district
court sentenced Mata to concurrent terms of 108 months of
imprisonment as to each count, five years of supervised release
as to count one, and three years of supervised release as to
count two.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mata argues that the district court plainly erred in imposing a term of supervised release of five years as to count one, and urges this court to reduce that term to three years. Mata did not raise this issue in the district court. Therefore, we will review the district court's decision for plain error. See United States v. Allison, 447 F.3d 402, 405 (5th Cir. 2006).

As a person convicted of a class B felony, see § 841(b)(1)(B), 18 U.S.C. § 3559(a)(2), Mata was subject to a term of supervised release of "not more than five years." 18 U.S.C. § 3583(b)(1). The statute Mata was convicted of violating in count one provides that "[n]otwithstanding section 3583 of title 18, any sentence imposed under this subparagraph shall, in the absence of . . . a prior conviction, include a term of supervised release of at least 4 years." § 841(b)(1)(B). Mata's five-year term of supervised release complies with both statutory provisions. Accordingly, the district court committed no error, plain or otherwise, and we AFFIRM the judgment.